1  Roger F. Friedman (State Bar No. 186070)
   rfriedman@rutan.com
2  Alejandro S. Angulo (State Bar No. 217823)
   aangulo@rutan.com
3  Timothy A. Spivey (State Bar No. 269084)
   tspivey@rutan.com
4  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Fourteenth Floor
5  Costa Mesa, California 92626-1931
   Telephone:   714-641-5100
6  Facsimile:   714-546-9035

7  Attorneys for Plaintiff,
   Noriyuki Masaki

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                     SANTA ANA DIVISION

11  | In re | Case No. 8:11-BK-10210 |
12  | ROGER ALAN DAVIS, | Chapter 7 |
13  | Debtor. | Adv. No. |
14  | NORIYUKI MASAKI, an individual, | COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT |
15  | Plaintiff, | [11 U.S.C. Sections 523(a)(2)(A), 523(a)(4), and 523(a)(6)] |
16  | vs. | |
17  | ROGER ALAN DAVIS, | |
18  | Defendant. | |
19  | | |

20     Plaintiff Noriyuki Masaki, an individual ("Plaintiff"), and a judgment creditor of

21  Roger Alan Davis ("Defendant") for its complaint, hereby alleges and prays as follows:

22                  **JURISDICTION AND VENUE**

23     1.    This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1334(a)

24  and (b) and 157(a) and (b).  This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A),

25  (B), (I), and (O).

26     2.    Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409(a) in that

27  Defendant is the debtor in the instant title 11 case, which is pending in this court, and this

28  adversary proceeding arises in and/or is related to Defendant's title 11 case.

Rutan & Tucker, LLP
attorneys at law

2464/027555-0001
1144920.02 a01/21/11

COMPLAINT TO DETERMINE
NONDISCHARGEABILITY OF DEBT

1

## PARTIES

2        3.      Plaintiff is, and at all relevant times was, an individual having his principal

3    place of residence in Setagaya, Japan.

4        4.      Defendant is the debtor in the instant chapter 7 bankruptcy case.  Plaintiff is

5    informed and believes, and based thereon alleges, that Defendant currently is a resident of

6    Newport Beach, California.

7    ## GENERAL ALLEGATIONS

8        5.      On August 6, 2009, Plaintiff filed a Complaint against Defendant, among

9    others, in the Superior Court of California, County of Orange, Case No. 30-2009-

10   00290867 (the "Complaint").  A true and correct copy of the Complaint is attached hereto

11   as Exhibit 1.

12       6.      Defendant was served with the Complaint and Defendant's counsel

13   requested multiple extensions to file a responsive pleading.

14       7.      Despite Defendant's and Defendant's counsel's knowledge of the Complaint,

15   Defendant never filed a responsive pleading.

16       8.      The Complaint asserted causes of action against Defendant for breach of

17   fiduciary duty, fraud, and conversion, among other things.

18       9.      The Complaint alleged that, between November 2005 and early 2009,

19   Defendant and others engaged in numerous fraudulent acts of mismanagement and

20   malfeasance in connection with Defendant's and others' obligations to manage certain real

21   properties pursuant to an oral contract.

22       10.     Plaintiff requested, and on April 12, 2010 the Court entered, default

23   judgment in favor of Plaintiff and against Defendant and others, finding Defendant liable

24   for breach of fiduciary duty, fraud, and conversion, among other things (the "Judgment").

25   The Judgment awarded Plaintiff the amount of $183,920.85, exclusive of costs,

26   prejudgment interest, and postjudgment interest.  A true and correct copy of the Court's

27   April 12, 2010 Judgment is attached hereto as Exhibit 2.

28       11.     Defendant failed to appeal the Judgment.

Rutan & Tucker, LLP
attorneys at law

2464/027555-0001
1144920.02 a01/21/11

2

COMPLAINT TO DETERMINE
NONDISCHARGEABILITY OF DEBT

1    12.    Since the April 12, 2010 Judgment was entered, Defendant has failed,

2  despite Plaintiff's demand, to pay to Plaintiff any of the amounts due and owing under the

3  Judgment.

4    13.    The amount that remains due and owing from Defendant to Plaintiff under

5  the Judgment is $183,920.85, exclusive of costs, prejudgment interest, and postjudgment

6  interest.

7    **FIRST CLAIM FOR RELIEF**

8    **(Determination That Debt Is Nondischargeable Under 11 U.S.C. § 523(a)(2)(A))**

9    14.    Plaintiff realleges and incorporates herein by this reference paragraphs 1

10  through 13 of this Complaint as though such allegations were fully set forth herein.

11    15.    The debt due to Plaintiff from Defendant as a result of the Judgment is

12  nondischargeable under section 523(a)(2)(A) because a bankruptcy discharge does not

13  discharge an individual debtor from any debt for money, property, services, or an

14  extension, renewal, or refinancing of credit to the extent obtained by false pretenses, a

15  false representation, or actual fraud, other than a statement respecting the debtor's or an

16  insider's financial condition.

17    16.    Plaintiff requested, and on April 12, 2010 the Court entered, Judgment in

18  favor of Plaintiff and against Defendant, and others, finding Defendant liable for fraud,

19  among other things.

20    17.    As a result of Defendant's fraud, Plaintiff has suffered damages.

21    18.    Defendant is indebted to the Plaintiff in an amount not less than

22  $183,920.85, based upon the damages caused to Plaintiff by Defendant having obtained

23  Plaintiff's money and property by false pretenses, false representations, and actual fraud.

24    19.    The damages caused to Plaintiff by Defendant are nondischargeable under 11

25  U.S.C. Section 523(a)(2)(A).

26  / / /

27  / / /

28  / / /

Rutan & Tucker, LLP
attorneys at law

2464/027555-0001
1144920.02 a01/21/11

3

COMPLAINT TO DETERMINE
NONDISCHARGEABILITY OF DEBT

## SECOND CLAIM FOR RELIEF

**(Determination That Debt Is Nondischargeable Under 11 U.S.C. § 523(a)(4))**

20.    Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 19 of this Complaint as though such allegations were fully set forth herein.

21.    The debt due to Plaintiff from Defendant as a result of the Judgment is nondischargeable under section 523(a)(4) because a bankruptcy discharge does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

22.    Plaintiff requested, and on April 12, 2010 the Court entered, Judgment in favor of Plaintiff and against Defendant, and others finding Defendant liable for breach of fiduciary duty, fraud, and conversion, among other things.

23.    As a result of Defendant's fraud and defalcation while acting in a fiduciary capacity, Plaintiff has suffered damages.

24.    Defendant is indebted to the Plaintiff in an amount not less than $183,920.85, based upon the damages caused to Plaintiff by Defendant's fraud and defalcation while acting in a fiduciary capacity.

25.    The damages caused to Plaintiff by Defendant are nondischargeable under 11 U.S.C. Section 523(a)(4).

## THIRD CLAIM FOR RELIEF

**(Determination That Debt Is Nondischargeable Under 11 U.S.C. § 523(a)(6))**

26.    Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 25 of this Complaint as though such allegations were fully set forth herein.

27.    The debt due to Plaintiff from Defendant as a result of the Judgment is nondischargeable under section 523(a)(6) because a bankruptcy discharge does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

28.    The Judgment specifically found that Defendant intentionally committed fraud, conversion, and breach of fiduciary duty while acting as property manager for

Rutan & Tucker, LLP
attorneys at law

2464/027555-0001
1144920.02 a01/21/11

4

COMPLAINT TO DETERMINE
NONDISCHARGEABILITY OF DEBT

1 Plaintiff.  Consequently, the Judgment awarded to Plaintiff damages for fraud, conversion,

2 and breach of fiduciary duty in the amount of $183,920.85, exclusive of costs,

3 prejudgment interest, and postjudgment interest.

4     29.    Defendant is indebted to Plaintiff in an amount not less than $183,920.85,

5 based upon the damages caused to Plaintiff by Defendant willfully and maliciously

6 injuring Plaintiff as a result of Defendant's fraud, conversion, and breach of fiduciary duty.

7     30.    The damages caused to Plaintiff by Defendant are nondischargeable under 11

8 U.S.C. Section 523(a)(6).

9 **PRAYER FOR RELIEF**

10     1.    On the first claim for relief, for a determination that the damages caused to

11 Plaintiff by Defendant are nondischargeable under 11 U.S.C. Section 523(a)(2)(A);

12     2.    On the second claim for relief, for a determination that the damages caused

13 to Plaintiff by Defendant are nondischargeable under 11 U.S.C. Section 523(a)(4);

14     3.    On the third claim for relief, for a determination that the damages caused to

15 Plaintiff by Defendant are nondischargeable under 11 U.S.C. Section 523(a)(6);

16     4.    On all claims for relief, that Plaintiff have judgment against Defendant in an

17 amount not less than $183,920.85 plus costs, prejudgment interest, and postjudgment

18 interest according to proof;

19     5.    On all claims for relief, for costs of suit incurred herein, including reasonable

20 attorneys' fees to the extent permissible under law; and

21     6.    On all claims for relief, such other and other further relief as the Court deems

22 just and proper.

23 Dated:  January 21, 2011            RUTAN & TUCKER, LLP

24                                ROGER F. FRIEDMAN
                               ALEJANDRO S. ANGULO

25                                TIMOTHY A. SPIVEY

26                         By: _____ */s/ Timothy A. Spivey*

27                             Timothy A. Spivey
                            Attorneys for Plaintiff

28                             Noriyuki Masaki

Rutan & Tucker, LLP
*attorneys at law*

2464/027555-0001
1144920.02 a01/21/11

COMPLAINT TO DETERMINE
NONDISCHARGEABILITY OF DEBT

# EXHIBIT 1

1  RUTAN & TUCKER, LLP
   Alejandro S. Angulo (State Bar No. 217823)
2  Edward B. Gerard (State Bar No. 248053)
   611 Anton Boulevard, Fourteenth Floor
3  Costa Mesa, California 92626-1931
   Telephone:   714-641-5100
4  Facsimile:    714-546-9035

5  Attorneys for Plaintiff
   Noriyuki Masaki

6

7

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 06 2009

ALAN CARLSON, Clerk of the Court

BY _____ F. IBARRA _____ ,DEPUTY

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10                                                   30-2009

11  NORIYUKI MASAKI, an individual,        Case No.    00290867

12               Plaintiff,

13        v.                               **COMPLAINT FOR:**
                                           **(1) BREACH OF CONTRACT;**
14  MERIDIAN PROPERTY MANAGEMENT           **(2) BREACH OF CONTRACT;**
    COMPANY, LLC, a California limited     **(3) BREACH OF FIDUCIARY DUTY;**
15  liability company; ROGER DAVIS         **(4) PROMISSORY FRAUD;**
    ESTATES, LLC, a California limited     **(5) FRAUD;**
16  liability company; DAVIS REALTY        **(6) NEGLIGENT**
    GROUP, an unknown business entity;         **MISREPRESENTATION;**
17  ROGER A. DAVIS, an individual;         **(7) CONVERSION;**
    ROGER A. DAVIS dba PACIFIC             **(8) MONEY HAD AND RECEIVED;**
18  STANDARD MORTGAGE COMPANY;             **(9) NEGLIGENCE; AND**
    ROGER A. DAVIS dba MERC                **(10) ACCOUNTING**
19  ENTERPRISES; and DOES 1 through 100,
    inclusive,                             **JUDGE JAMOA A. MOBERLY**
20                                             **DEPT. C12**
             Defendants.
21

22        Plaintiff Noriyuki Masaki ("Plaintiff") alleges the following on information and

23  belief:

24        1.      Plaintiff Noriyuki Masaki is an individual having his principal place of

25  residence in Setagaya, Japan.

26  ///

27  ///

28  ///

Rutan & Tucker, LLP
attorneys at law

1    2.      Plaintiff is informed and believes and thereon alleges that defendant
2  Meridian Property Management Company, LLC ("Meridian") is, and at all relevant times
3  was, a California limited liability company having its principal place of business in Los
4  Angeles County, California.

5    3.      Plaintiff is informed and believes and thereon alleges that defendant Roger
6  Davis Estates, LLC ("Roger Davis Estates") is, and at all relevant times was, a California
7  limited liability company having its principal place of business in Los Angeles County,
8  California.

9    4.      Plaintiff is informed and believes and thereon alleges that defendant Davis
10 Realty Group is, and at all relevant times was, a California business entity of unknown
11 type having its principal place of business in Orange County, California.

12   5.      Plaintiff is informed and believes and thereon alleges that defendant
13 Roger A. Davis ("Davis") is an individual over the age of 18 years and is a resident of
14 Orange County, California.  Plaintiff is further informed and believes and thereon alleges
15 that Davis is, and at all relevant times mentioned herein was, a principal of Meridian,
16 Roger Davis Estates, and Davis Realty Group.  Plaintiff is further informed and believes
17 and thereon alleges that defendant Davis has or continues to do business as Pacific
18 Standard Mortgage Company ("Pacific Standard") or Merc Enterprises ("Merc") or both in
19 and within the County of Orange, State of California.

20   6.      Plaintiff is ignorant of the true names and capacities of the defendants sued
21 herein as Does 1 through 100, inclusive, and therefore sues these defendants by such
22 fictitious names.  Plaintiff will amend this Complaint to allege their true names and
23 capacities when the same are ascertained.  Plaintiff is informed and believes and thereon
24 alleges that each of the fictitiously named defendants is legally responsible in some
25 manner for the damages hereinafter alleged.

26   7.      Plaintiff is informed and believes and thereon alleges that Davis and his
27 purported business enterprises Meridian, Roger Davis Estates, Davis Realty Group, Pacific
28 Standard, and Merc constitute a single business enterprise which is owned, dominated and

1 controlled by Davis in such a manner that these defendants are simply a conduit or
2 instrumentality through which Davis operated and/or continues to operate. Plaintiff is
3 further informed and believes that Meridian, Roger Davis Estates, Davis Realty Group,
4 Pacific Standard, and Merc are so dominated and controlled by Davis, and have such unity
5 of interest with him and each other, that the individuality or separateness of such persons
6 and entities should be disregarded. Plaintiff is also informed and believes, and thereon
7 alleges, that Meridian, Roger Davis Estates, and Davis Realty Group failed to adhere to the
8 proper corporate formalities and co-mingled funds. Based on the foregoing, Plaintiff
9 alleges that adherence to the fiction of the separate existence of Davis, Meridian, Roger
10 Davis Estates, Davis Realty Group, Pacific Group and Merc would sanction a fraud or
11 promote an injustice. Accordingly, Plaintiff is informed and believes and thereon alleges
12 that Meridian, Roger Davis Estates, Davis Realty Group, Pacific Group and Merc are the
13 alter-egos of each other and Davis.

14    8.    Plaintiff further alleges that Meridian, Roger Davis Estates, Davis Realty
15 Group, Pacific Group and Merc constitute a single business enterprise through which
16 Davis operates and which is wholly owned and dominated by Davis. As such, Davis,
17 Meridian, Roger Davis Estates, Davis Realty Group, Pacific Standard, and Merc are all
18 liable for the acts and omissions of each other or any of them.

19    9.    On information and belief, at all times relevant to this Complaint, Davis,
20 Meridian, Roger Davis Estates, Davis Realty Group, Pacific Standard and Merc and Does
21 1 through 100 (collectively, "Defendants"), and each of them, were the agents, servants,
22 employees, alter egos, successors-in-interest, subsidiaries, affiliated companies or
23 corporations, and joint ventures of the other Defendants, and were, as such, acting within
24 the course, scope, and authority of each other Defendant. Plaintiff further alleges on
25 information and belief that each of the Defendants acted in concert with, and with the
26 consent of, each of the other Defendants, and that each of the Defendants ratified or agreed
27 to accept the benefits of the conduct of each of the Defendants.

28 / / /

**OPERATIVE FACTS**

10.     In or about November 2005, Plaintiff purchased real properties at 1301, 1303, 1305, and 1307 Abbott Kinney Boulevard, Venice California (collectively, the "Abbott Kinney Properties"). Plaintiff is informed and believes, and on that basis thereon alleges, that Roger Davis Estates acted as Plaintiff's broker in the transaction and received a commission in connection therewith.

11.     In or about November 2005, Plaintiff and Meridian entered into an oral contract whereby Meridian agreed to manage the Abbott Kinney Properties in return for a management fee (the "Abbott Kinney Properties Management Agreement"). Pursuant to the terms of the Abbott Kinney Properties Management Agreement, Meridian agreed to perform, among other things, the following obligations and duties:

        a.     lease the Abbott Kinney Properties;

        b.     collect rent from the tenants of the Abbott Kinney Properties;

        c.     establish and maintain a segregated trust account for the benefit of Plaintiff of all income received from the Abbot Kinney Properties (the "Masaki Account");

        d.     timely pay all property taxes, insurance premiums, and other expenses owed for the Abbott Kinney Properties from the Masaki Account;

        e.     maintain and make all necessary repairs for the Abbott Kinney Properties;

        f.     provide Plaintiff with regular accountings of the Masaki Account;

        g.     disperse to Plaintiff the net proceeds, if any, from the Masaki Account on a periodic basis; and

        h.     provide any other services necessary for the management, operation and profitability of the Abbott Kinney Properties.

12.     Plaintiff is informed and believes, and on that basis thereon alleges, that in November 2005, Meridian placed its employee Robert Williams in charge of managing the Masaki Account. In this capacity, Williams was responsible for performing the following tasks:

1          a.     establishing and maintaining a segregated trust account for the benefit

2   of Plaintiff of all income received from the Abbott Kinney Properties;

3          b.     depositing all income received from the Abbott Kinney Properties into

4   the Masaki Account;

5          c.     timely paying all property taxes, insurance premiums, and expenses

6   owed for the Abbott Kinney Properties from the Masaki Account;

7          d.     providing Plaintiff with regular accountings of the Masaki Account;

8   and

9          e.     disbursing to Plaintiff the net proceeds, if any, from the Masaki

10  Account on a periodic basis.

11     13.     In or about January 2006, Plaintiff purchased a residential property at 13700

12  Marina Pointe Drive, Unit# 1416, Marina Del Rey, California (the "Azzurra Property,"

13  collectively with the Abbott Kinney Properties, the "Properties"). Plaintiff is informed and

14  believes, and on that basis thereon alleges, that Roger Davis Estates acted as Plaintiff's

15  broker in the transaction and received a commission in connection therewith.

16     14.     In or about January 2006, Plaintiff and Meridian entered into an oral

17  contract whereby Meridian agreed to manage the Azzurra Property in return for a

18  management fee of $150 per month (the "Azzurra Property Management Agreement,")

19  Pursuant to the terms of the Azzurra Property Management Agreement, Meridian agreed to

20  perform, among other things, the following obligations and duties:

21         a.     lease the Azzurra Property;

22         b.     collect rent from the tenants of the Azzurra Property;

23         c.     deposit and maintain for the benefit of Plaintiff all income received

24  from the Azzurra Property in the purportedly segregated Masaki Account;

25         d.     timely pay all property taxes, insurance premiums, and other expenses

26  owed for the Azzurra Property from the Masaki Account;

27         e.     maintain and make all necessary repairs for the Azzurra Property;

28         f.     provide Plaintiff with regular accountings of the Masaki Account; and

1          g.     provide any other services necessary for the management, operation

2    and profitability of the Azzurra Property.

3          15.    In or about January 2006, Meridian placed Williams in charge of handling

4    the above described management duties for the Azzurra Property.

5          16.    Plaintiff is informed and believes, and on that basis thereon alleges, that

6    Meridian managed the Properties from November 2005 to early 2009.

7          17.    In or about September 2006, Plaintiff sold two of the parcels comprising the

8    Abbott Kinney Properties, which were the real properties located at 1305 and 1307 Abbott

9    Kinney Boulevard, Venice, California.  Plaintiff is informed and believes, and on that basis

10   thereon alleges, that Roger Davis Estates acted as Plaintiff's broker in the transaction and

11   received a commission in connection therewith.

12         18.    On information and belief, between November 2005 and early 2009,

13   Meridian engaged in at least the following acts of mismanagement and malfeasance in

14   connection with its management of the Masaki Account:

15         a.     refused and failed to establish and maintain a segregated Masaki

16   Account and instead commingled in a single account income received from other

17   properties with income received from the Azzurra and Abbott Kinney Properties;

18         b.     provided  Plaintiff  with  irregular,  untimely  and  incomplete

19   accountings of the Masaki Account;

20         c.     falsely represented in the above accountings that it had timely paid in

21   full all property taxes for the Properties for this time period;

22         d.     refused and failed to permit Plaintiff to have access to the books and

23   records pertaining to the Masaki Account;

24         e.     wrote unauthorized checks and made unauthorized withdrawals from

25   the Masaki Account totaling no less than $183,920.85;

26         f.     refused and failed to disburse to Plaintiff the net proceeds from the

27   Masaki Account;

28         g.     permitted a single employee, Williams, to exercise sole control and

1 │ custody over the Masaki Account and the corresponding books and records without any
2 │ oversight or supervision from others;

3 │         h.      granted Williams signatory authorization for the Masaki Account,
4 │ which permitted Williams to write checks and draw on funds from the Masaki Account
5 │ with complete and sole discretion and without any oversight or supervision from others;

6 │         i.      failed to conduct periodic audits of the books and records of the
7 │ Masaki Account; and

8 │         j.      failed to follow other customary business practices of supervision and
9 │ oversight in the management of the Masaki Account.

10 │     19.     Plaintiff is informed and believes and thereon alleges that Meridian engaged
11 │ in other acts of malfeasance and mismanagement, the full nature and extent of which are
12 │ presently unknown to Plaintiff and Plaintiff, following appropriate discovery and
13 │ investigation, will set forth the same.

14 │     20.     At various times, including, but not limited to, on or about February 23 and
15 │ September 29, 2008, Meridian, through Williams and others, provided Plaintiff and its
16 │ accounting firm Wachi & Watanabe, CPA, Inc. with written accountings for the Masaki
17 │ Account which falsely represented that Meridian had timely paid in full all property taxes
18 │ for the Properties for the period from 2006 to 2008.

19 │     21.     In or about October 2008, Plaintiff first learned of Defendants'
20 │ mismanagement and malfeasance when he discovered that the County of Los Angeles had
21 │ recorded tax liens on the Properties as a result of Defendants' failure to pay property taxes.
22 │ On or about October 27, 2008, Plaintiff was forced to pay back property taxes, together
23 │ with interest and penalties, in the amount of $108,013.38 to remove the tax liens from his
24 │ Properties.  In or about that same month, Plaintiff was informed by Defendants that the
25 │ balance on the Masaki Account was a negligible amount.

26 │     22.     Since October 2008, Plaintiff has made repeated requests to Defendants and
27 │ Davis that they repay Plaintiff for the sums missing from the Masaki Account and that they
28 │ provide a full accounting of the Masaki Account.  To date, Defendants have failed to

1  comply with Plaintiff's reasonable requests.

2  ## FIRST CAUSE OF ACTION

3  **(For Breach of Contract Against All Defendants And Does 1 through 10)**

4      23.    Plaintiff hereby realleges and incorporates by reference paragraphs 1
5  through 22, inclusive, as though fully set forth herein.

6      24.    Plaintiff has fully performed all obligations on his part to be performed
7  under the Abbott Kinney Properties Management Agreement, except those terms which
8  have been waived or excused.

9      25.    Defendants and Does 1 through 10 and each of them, have materially
10  breached the Abbott Kinney Properties Management Agreement by various acts and
11  omissions as alleged above.

12      26.    Implicit in the Abbott Kinney Properties Management Agreement is a
13  covenant of good faith and fair dealing obligating the parties to act towards each other in
14  good faith, to deal fairly with one another, to make all material disclosures, and not to do
15  anything which might deprive the other of the expectations and benefits of the Abbott
16  Kinney Properties Management Agreement and obligating each party to do everything that
17  the Abbott Kinney Properties Management Agreement presupposes to accomplish their
18  purposes. For the reasons stated herein, Defendants and Does 1 through 10, and each of
19  them, have breached the covenant of good faith and fair dealing.

20      27.    As a result of said breaches, Plaintiff has been damaged. The precise
21  amount of Plaintiff's damages is presently unknown but believed to be in excess of the
22  jurisdictional minimum of this court and Plaintiff is entitled to recover such sums, together
23  with interest thereon at the maximum legal rate according to proof.

24  ## SECOND CAUSE OF ACTION

25  **(For Breach of Contract Against All Defendants And Does 11 through 20)**

26      28.    Plaintiff hereby realleges and incorporates by reference paragraphs 1
27  through 27, inclusive, as though fully set forth herein.

28      29.    Plaintiff has fully performed all obligations on his part to be performed

Rutan & Tucker, LLP
attorneys at law

2355/027555-0001
1020753.04 a08/05/09

1  under the Azzurra Property Management Agreement, except those terms which have been
2  waived or excused.

3      30.     Defendants and Does 11 through 20 and each of them, have materially
4  breached the Azzurra Property Management Agreement by various acts and omissions as
5  alleged above.

6      31.     Implicit in the Azzurra Property Management Agreement is a covenant of
7  good faith and fair dealing obligating the parties to act towards each other in good faith, to
8  deal fairly with one another, to make all material disclosures, and not to do anything which
9  might deprive the other of the expectations and benefits of the Azzurra Property
10 Management Agreement and obligating each party to do everything that the Azzurra
11 Property Management Agreement presupposes to accomplish their purposes.  For the
12 reasons stated herein, Defendants and Does 11 through 20, and each of them, have
13 breached the covenant of good faith and fair dealing.

14     32.     As a result of said breaches, Plaintiff has been damaged.  The precise
15 amount of Plaintiff's damages is presently unknown but believed to be in excess of the
16 jurisdictional minimum of this court and Plaintiff is entitled to recover such sums, together
17 with interest thereon at the maximum legal rate according to proof.

18                          **THIRD CAUSE OF ACTION**

19     **(Breach of Fiduciary Duty Against All Defendants And Does 21 through 30)**

20     33.     Plaintiff hereby realleges and incorporates by reference paragraphs 1
21 through 32, inclusive, as though fully set forth herein.

22     34.     Defendants and Does 21 through 30, and each of them, acted as Plaintiff's
23 agent for the purpose of managing the Properties.  As a result of the agency relationship, a
24 fiduciary duty is owed by Defendants to Plaintiff.

25     35.     Defendants and Does 21 through 30, and each of them, breached the
26 fiduciary duties to Plaintiff by the following acts and omissions:

27          a.     refusing and failing to establish and maintain a segregated Masaki
28 Account and instead commingled in a single account income received from other

1   properties with income received from the Azzurra and Abbott Kinney Properties;

2          b.      providing Plaintiff with irregular, untimely and incomplete
3   accountings of the Masaki Account;

4          c.      falsely representing in the above accountings that it had timely paid in
5   full all property taxes for the Properties for this time period;

6          d.      refusing and failing to permit Plaintiff to have timely and complete
7   access to the books and records pertaining to the Masaki Account.

8          e.      embezzling, misappropriating, and converting funds from the Masaki
9   Account for Defendants' use;

10         f.      refusing and failing to account for and disburse to Plaintiff the net
11  proceeds from the Masaki Account;

12         g.      permitting a single employee, Williams, to exercise sole control and
13  custody over the Masaki Account and the corresponding books and records without any
14  oversight or supervision from others;

15         h.      granting Williams signatory authorization for the Masaki Account,
16  which permitted Williams to write checks and draw on funds from the Masaki Account
17  with complete and sole discretion and without any oversight or supervision from others;

18         i.      failing to conduct periodic audits of the books and records of the
19  Masaki Account; and

20         j.      failing to follow other customary business practices of supervision
21  and oversight in the management of the Masaki Account;

22      36.     As a result of breaching the fiduciary duties owed to Plaintiff, Plaintiff has
23  been damaged.   The precise amount of Plaintiff's damages is presently unknown but
24  believed to be in excess of the jurisdictional minimum of this court and Plaintiff is entitled
25  to recover such sums, together with interest thereon at the maximum legal rate according
26  to proof.

27      37.     Plaintiff is informed and believes, and based thereon alleges, that
28  Defendants and Does 21 through 30, and each of them, engaged in the aforementioned

Rutan & Tucker, LLP
attorneys at law

1  conduct with a conscious disregard for Plaintiff's rights, and with the intent to vex, injure,

2  or annoy such as to constitute oppression, fraud, or malice under California Civil Code

3  section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish or

4  make an example of Defendants and Does 21 through 30, and each of them.

5  **FOURTH CAUSE OF ACTION**

6  **(For Promissory Fraud Against All Defendants And Does 31 through 40)**

7  38.    Plaintiff hereby realleges and incorporates by reference paragraphs 1

8  through 37, inclusive, as though fully set forth herein.

9  39.    Plaintiff is informed and believes and thereon alleges that in late 2005,

10  Defendants and Does 31 through 40, and each of them, through Williams and others,

11  promised and/or caused to be represented to Plaintiff that they would establish and

12  maintain a segregated trust account for the benefit of Plaintiff of all income received from

13  the Properties.

14  40.    On information and belief, Defendants and Does 31 through 40, and each of

15  them, did not intend to perform their promises at the time they were made, as demonstrated

16  by the fact that, among other things, a segregated Masaki Account was never established.

17  41.    Plaintiff is informed and believes, and based thereon alleges, that such false

18  promises were made with the intent to defraud Plaintiff and to induce Plaintiff to rely on

19  the promises.

20  42.    Plaintiff believed the promises made to him and was unaware that

21  Defendants and Does 31 through 40, and each of them, had no intention of performing

22  such promises.

23  43.    Plaintiff actually and reasonably relied on such promises by entrusting

24  Defendants to manage the Properties and to safeguard, maintain, and hold in trust, for the

25  benefit of Plaintiff, all income received from the Properties.

26  44.    As a result of such false promises and misrepresentations, Plaintiff has been

27  damaged. The precise amount of Plaintiff's damages is presently unknown but believed to

28  be in excess of the jurisdictional minimum of this court and Plaintiff is entitled to recover

utan & Tucker, LLP
attorneys at law

2355/027555-0001
1020753.04 a08/05/09

-11-
COMPLAINT

1   such sums, together with interest thereon at the maximum legal rate according to proof.

2       45.     Plaintiff is informed and believes, and based thereon alleges, that
3   Defendants and Does 31 through 40, and each of them, engaged in the aforementioned
4   conduct with a conscious disregard for Plaintiff's rights, and with the intent to vex, injure,
5   or annoy such as to constitute oppression, fraud, or malice under California Civil Code
6   section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish or
7   make an example of Defendants and Does 31 through 40, and each of them.

8                              **FIFTH CAUSE OF ACTION**

9            **(For Fraud Against All Defendants And Does 41 through 50)**

10      46.     Plaintiff hereby realleges and incorporates by reference paragraphs 1
11  through 45, inclusive, as though fully set forth herein.

12      47.     At various times, including but not limited to, on or about February 23 and
13  September 29, 2008, Defendants and Does 41 through 50, and each of them, through
14  Williams and others, represented to Plaintiff and Plaintiff's agent, Wachi & Watanabe,
15  CPA, Inc., in written accountings that Defendants had timely paid in full all property taxes
16  for the Properties for the time period from 2006 to 2008.

17      48.     The representations in the above paragraph made by Defendants were false,
18  as demonstrated by the fact that, among other things, in late October 2008, Plaintiff was
19  forced to pay back property taxes for the Properties.

20      49.     Defendants and Does 41 through 50, and each of them, knew when they
21  made their false representations that Defendants had not timely paid in full all property
22  taxes for the Properties for the relevant time period.

23      50.     Defendants and Does 41 through 50, and each of them, intentionally made
24  the false representations to Plaintiff with the intent to deceive and defraud Plaintiff and to
25  induce Plaintiff to rely on their false representations by continuing to entrust Defendants to
26  manage the Properties and to safeguard, maintain, and hold in trust, for the benefit of
27  Plaintiff, all income received from the Properties.

28      51.     Plaintiff believed the representations made to him were true and actually

Rutan & Tucker, LLP
attorneys at law

2355/027555-0001                          -12-
1020753.04 a08/05/09                     COMPLAINT

1    and reasonably relied on such representations by entrusting Defendants to continue to
2    manage the Properties and to safeguard, maintain, and hold in trust, for the benefit of
3    Plaintiff, all income received from the Properties.

4         52.    As a result of such false representations, Plaintiff has been damaged. The
5    precise amount of Plaintiff's damages is presently unknown but believed to be in excess of
6    the jurisdictional minimum of this court and Plaintiff is entitled to recover such sums,
7    together with interest thereon at the maximum legal rate according to proof.

8         53.    Plaintiff is informed and believes, and based thereon alleges, that
9    Defendants and Does 41 through 50, and each of them, engaged in the aforementioned
10   conduct with a conscious disregard for Plaintiff's rights, and with the intent to vex, injure,
11   or annoy such as to constitute oppression, fraud, or malice under California Civil Code
12   section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish or
13   make an example of Defendants and Does 41 through 50, and each of them.

14                          **SIXTH CAUSE OF ACTION**

15                **(For Negligent Misrepresentation Against All Defendants**

16                          **And Does 51 through 60)**

17        54.    Plaintiff hereby realleges and incorporates by reference paragraphs 1
18   through 53, inclusive, as though fully set forth herein.

19        55.    At various times, including but not limited to, on or about February 23 and
20   September 29, 2008, Defendants and Does 51 through 60, and each of them, through
21   Williams and others, represented to Plaintiff and Plaintiff's agent, Wachi & Watanabe,
22   CPA, Inc., in written accountings that Defendants had timely paid in full all property taxes
23   for the Properties for the time period from 2006 to 2008.

24        56.    The representations in the above paragraph made by Defendants were false,
25   as demonstrated by the fact that, among other things, in late October 2008, Plaintiff was
26   forced to pay back property taxes for the Properties.

27        57.    Defendants and Does 51 through 60, and each of them, knew when they
28   made their false representations that they had no reasonable ground for believing that

Rutan & Tucker, LLP
attorneys at law
2355/027555-0001
1020753.04 a08/05/09

-13-
COMPLAINT

1 Defendants had timely paid in full all property taxes for the Properties for the period from
2 2006 to 2008.

3    58.    Defendants and Does 51 through 60, and each of them, intentionally and/or
4 negligently made the false representations to Plaintiff with the intent to deceive and
5 defraud Plaintiff and to induce Plaintiff to rely on their false representations by entrusting
6 Defendants to manage the Properties and to safeguard, maintain, and hold in trust, for the
7 benefit of Plaintiff, all income received from the Properties.

8    59.    Plaintiff believed the representations made to him were true and actually
9 and reasonably relied on such representations by entrusting Defendants to continue to
10 manage the Properties and to safeguard, maintain, and hold in trust, for the benefit of
11 Plaintiff, all income received from the Properties.

12    60.    As a proximate result of such false representations, Plaintiff has been
13 damaged. The precise amount of Plaintiff's damages is presently unknown but believed to
14 be in excess of the jurisdictional minimum of this court and Plaintiff is entitled to recover
15 such sums, together with interest thereon at the maximum legal rate according to proof.

16                          **SEVENTH CAUSE OF ACTION**

17              **(For Conversion Against All Defendants And Does 61 through 70)**

18    61.    Plaintiff hereby realleges and incorporates by reference paragraphs 1
19 through 60, inclusive, as though fully set forth herein.

20    62.    Because of their trusted status, Defendants had sole custody and control
21 over the Masaki Account and exclusive access to all corresponding books and records.

22    63.    Between November 2005 and early 2009, Defendants and Does 61 through
23 70, and each of them, embezzled, misappropriated and converted to their use and
24 possession without Plaintiff's knowledge or consent, the sum of at least $183,920.85.

25    64.    As a proximate result of the conversion of Plaintiff's property, Plaintiff has
26 been damaged in the principal sum of an amount to conform to proof at trial, but not less
27 than $183,920.85 plus interest thereon as allowed by law.

28    65.    Plaintiff is informed and believes, and based thereon alleges, that

utan & Tucker, LLP
attorneys at law
2355/027555-0001
1020753.04 a08/05/09

-14-
COMPLAINT

1    Defendants and Does 61 through 70, and each of them, engaged in the aforementioned

2    conduct with a conscious disregard for Plaintiff's rights, and with the intent to vex, injure,

3    or annoy such as to constitute oppression, fraud, or malice under California Civil Code

4    section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish or

5    make an example of Defendants.

6    **EIGHTH CAUSE OF ACTION**

7    **(For Money Had and Received Against All Defendants**

8    **And Does 71 through 80)**

9         66.      Plaintiff hereby realleges and incorporates by reference paragraphs 1

10    through 65, inclusive, as though fully set forth herein.

11         67.      Between November 2005 and early 2009, Defendants and Does 71 and 80,

12    and each of them, became indebted to Plaintiff in a sum not less than $183,920.85 plus

13    interest thereon for money had and received by Defendants for the use and benefit of

14    Plaintiff.

15         68.      Neither the whole nor any part of the above sum has been paid to Plaintiff,

16    although demand therefor has been made, and there is now due, owing, and unpaid the sum

17    of not less than $183,920.85 plus interest thereon at the maximum legal rate according to

18    proof.

19    **NINTH CAUSE OF ACTION**

20    **(For Negligence Against All Defendants And Does 81 through 90)**

21         69.      Plaintiff hereby realleges and incorporates by reference paragraphs 1

22    through 68, inclusive, as though fully set forth herein.

23         70.      Plaintiff is informed and believes, and based thereon alleges, that

24    Defendants and Does 81 through 90, and each of them, acted willfully or negligently by

25    refusing and failing to provide adequate procedures for safeguarding, maintaining, and

26    holding in trust, for the benefit of Plaintiff, all income received from the Properties.

27    Among other things, Plaintiff is informed and believes that Defendants and Does 81

28    through 90 and each of them, acted willfully or negligently and carelessly in the

Rutan & Tucker, LLP
attorneys at law

1  management of the Masaki Account by:

2          a.      permitting a single employee, Williams, to exercise sole control and

3  custody over the Masaki Account and the corresponding books and records without any

4  oversight or supervision from others;

5          b.      granting Williams signatory authorization for the Masaki Account,

6  which permitted Williams to write checks and draw on funds from the Masaki Account

7  with complete and sole discretion and without any oversight or supervision from others;

8          c.      failing to conduct periodic audits of the books and records of the

9  Masaki Account; and

10          d.      failing to follow other customary business practices of supervision

11  and oversight in the management of the Masaki Account.

12      71.     At worst, Meridian's above conduct was intentional and designed to

13  unfairly benefit and profit Defendants and Does 81 through 90, and each of them, at

14  Plaintiff's expense.  At best, the conduct alleged herein was negligent and careless and

15  without any regard to Plaintiff's rights and interests.

16      72.     As a proximate result of such negligence, Plaintiff has been damaged.  The

17  precise amount of Plaintiff's damages is presently unknown but believed to be in excess of

18  the jurisdictional minimum of this court and Plaintiff is entitled to recover such sums,

19  together with interest thereon at the maximum legal rate according to proof.

20                           **TENTH CAUSE OF ACTION**

21      **(For An Accounting Against All Defendants And Does 91 through 100)**

22      73.     Plaintiff hereby realleges and incorporates by reference paragraphs 1

23  through 72, inclusive, as though fully set forth herein.

24      74.     The agreement alleged herein required Defendant and Does 91 through 100,

25  and each of them, to make regular accountings of the Masaki Account to Plaintiff.  To

26  date, however, Defendants and Does 91 through 100, and each of them, have provided

27  Plaintiff with irregular, untimely and incomplete accountings of the Masaki Account.

28      75.     Despite Plaintiff's reasonable requests, Defendants and Does 91 through

Rutan & Tucker, LLP
attorneys at law

2355/027555-0001                                -16-
1020753.04 a08/05/09                        COMPLAINT

1 │ 100, and each of them, have failed and refused to deliver or account to Plaintiff for the

2 │ funds converted by Defendants to which Plaintiff is entitled.

3 │     76.    As a direct and proximate result of the foregoing, Plaintiff is entitled to an

4 │ accounting to determine the funds to which Plaintiff is entitled for which Defendants and

5 │ Does 91 through 100, and each of them, have failed to account to Plaintiff.

6 │     WHEREFORE, Plaintiff prays for judgment against Defendants and Does 1 through

7 │ 100, and each of them, as follows:

8 │ **As to the First, Second, Sixth, Eighth and Ninth Causes of Action:**

9 │     1.    For damages in an amount to be proven at trial, but not less than

10 │ $183,920.85 plus interest;

11 │ **As to the Third, Fourth and Fifth Causes of Action:**

12 │     2.    For damages in an amount to be proven at trial, but not less than

13 │ $183,920.85 plus interest;

14 │     3.    For punitive damages in an amount sufficient to punish Defendants and

15 │ Does 1 through 100, and each of them, to deter such misconduct in the future;

16 │ **As to the Seventh Cause of Action:**

17 │     4.    For damages in an amount to be proven at trial, but not less than

18 │ $183,920.85 plus interest;

19 │     5.    For an order declaring that Defendants and Does 1 through 100, and each of

20 │ them, hold the sums converted by Defendants and Does 1 through 100, and each of them,

21 │ from the Masaki Account as a constructive trustee for the benefit of Plaintiff;

22 │     6.    For punitive damages in an amount sufficient to punish Defendants and

23 │ Does 1 through 100, and each of them, to deter such misconduct in the future;

24 │ **As to the Tenth Cause of Action:**

25 │     7.    For a full and complete accounting of the Masaki Account;

26 │     8.    For an order requiring Defendants and Does 1 through 100, and each of

27 │ them, to pay Plaintiff the sums converted by Defendants to which Plaintiff is entitled.

28 │ / / /

Rutan & Tucker, LLP
attorneys at law

2355/027555-0001
1020753.04 a08/05/09

-17-

COMPLAINT

1 | **<u>As to all Causes of Action:</u>**

2 |     9.    For general and special damages in amounts to be proven at trial;

3 |     10.    For interest as allowed by law;

4 |     11.    For costs of suit; and

5 |     12.    For such other and further relief as the court deems proper.

6 |

7 | Dated:  August 5, 2009

                 RUTAN & TUCKER, LLP
ALEJANDRO S. ANGULO
EDWARD B. GERARD

By: *Edward ...*

Edward B. Gerard
Attorneys for Plaintiff
Noriyuki Masaki

2355/027555-0001
1020753.04 a08/05/09

Rutan & Tucker, LLP
attorneys at law

-18-
COMPLAINT

# EXHIBIT 2

1 | RUTAN & TUCKER, LLP
Alejandro S. Angulo (State Bar No. 217823)
2 | Edward B. Gerard (State Bar No. 248053)
611 Anton Boulevard, Fourteenth Floor
3 | Costa Mesa, California 92626-1931
Telephone:    714-641-5100
4 | Facsimile:    714-546-9035

5 | Attorneys for Plaintiff
Noriyuki Masaki

6

7

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 1 2 2010

ALAN CARLSON, Clerk of the Court
G. H.
BY G. HERNANDEZ

8 |                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |              FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11 | NORIYUKI MASAKI, an individual,            | Case No.  30-2009 00290867

12 |              Plaintiff,

13 |        v.                                   | **JUDGMENT**

14 | MERIDIAN PROPERTY MANAGEMENT
COMPANY, LLC, a California limited liability
15 | company; ROGER DAVIS ESTATES, LLC, a       | [Filed concurrently with:
California limited liability company; DAVIS    | (1)  Memorandum of Points and Authorities in
16 | REALTY GROUP, an unknown business          |       Support of Request for Default Judgment;
entity; ROGER A. DAVIS, an individual;         | (2)  Request for Judicial Notice;
17 | ROGER A. DAVIS dba PACIFIC STANDARD        | (3)  Declarations of Edward B. Gerard, Noriyuki
MORTGAGE COMPANY; ROGER A. DAVIS              |       Masaki, and Angel Williams; and
18 | dba MERC ENTERPRISES; and DOES 1           | (4)  Judicial Council Forms]
through 100, inclusive,
19 |                                             | Date Complaint Filed:    August 6, 2009
              Defendants.                       | Trial Date:                None Set
20

21 |        Having considered the evidence and papers presented by plaintiff Noriyuki Masaki

22 | ("Masaki") in support of his Request for Default Judgment against defendants Meridian Property

23 | Management Company, LLC, Roger Davis Estates, LLC, Davis Realty Group, Roger A. Davis, as

24 | an individual and dba Pacific Standard Mortgage Company and Merc Enterprises in the above-

25 | captioned matter, it is ORDERED and ADJUDGED that:

26 |        1.        Judgment is entered in favor of Masaki and against Meridian Property Management

27 | Company, LLC, Roger Davis Estates, LLC, Davis Realty Group, and Roger A. Davis, as an

28 | individual and dba Pacific Standard Mortgage Company and Merc Enterprises (collectively,

Rutan & Tucker, LLP
attorneys at law

2355/027555-0001
1054019.03 a03/17/10

-1-

[PROPOSED] JUDGMENT

1  "Defendants") on Masaki's First Amended Complaint.  Accordingly, Masaki is awarded damages

2  against all Defendants, jointly and severally as follows:

3          a.     On the first cause of action for breach of contract: $183,920.85;

4          b.     On the second cause of action for breach of contract: $183,920.85;

5          c.     On the third cause of action for breach of fiduciary duty: $183,920.85;

6          d.     On the fourth cause of action for promissory fraud: $183,920.85;

7          e.     On the fifth cause of action for fraud: $183,920.85;

8          f.     On the sixth cause of action for negligent misrepresentation: $183,920.85;

9          g.     On the seventh cause of action for conversion: $183,920.85;

10          h.     On the eighth cause of action for money had and received: $183,920.85;

11  and

12          i.     On the ninth cause of action for negligence: $183,920.85;

13     2.    Masaki is awarded costs against all Defendants, jointly and severally in the

14  following amount: $935.00.

15     3.    Masaki is awarded prejudgment interest against all Defendants, jointly and

16  severally, at a rate of 10% per annum from the date Defendants last breached the subject

17  agreements (August 31, 2008) through the date of entry of judgment, in the following amount:

18  $29,074.61. (Cal. Civ. Code §§ 3289.)

19     4.    Masaki is awarded interest against all Defendants at a rate of 10% per annum from

20  the date of entry of this judgment on all monies awarded to him.  (Cal. Code of Civ. Proc.

21  § 685.010.)

22     5.    This Court retains jurisdiction to enforce this Judgment.

23

24

25  Dated:  _4-12-10_____      **JAMOA A. MOBERLY**

26                                    JUDGE OF THE SUPERIOR COURT

27

28

Rutan & Tucker, LLP
attorneys at law

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Roger F. Friedman (State Bar No. 186070)<br>Alejandro S. Angulo (217823)<br>Timothy A. Spivey (SBN 269084)<br>RUTAN & TUCKER, LLP<br>611 Anton Blvd., 14th Floor<br>Costa Mesa, CA  92626<br>Tel (714) 641-5100<br>Fax (714) 546-9035<br><br>*Attorney for Plaintiff* | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re:<br><br>   Roger Alan Davis<br><br>                           Debtor. | CHAPTER  7<br><br>CASE NUMBER  8:11-bk-10210-<br><br>ADVERSARY NUMBER |
| Noriyuki Masaki<br>                          Plaintiff(s),<br><br>             vs.<br><br>Roger Alan Davis<br>                        Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF<br>STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____ , the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ❑  **255 East Temple Street, Los Angeles** | | ☒  **411 West Fourth Street, Santa Ana** | |
| ❑  **21041 Burbank Boulevard, Woodland Hills** | | ❑  **1415 State Street, Santa Barbara** | |
| ❑  **3420 Twelfth Street, Riverside** | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
                       *Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*

**F 7004-1**

Summons and Notice of Status Conference - *Page 2*                          **F 7004-1**

| In re                              (SHORT TITLE) | CASE NO.: 8:11-bk-10210-TA |
|---|---|
| Roger Alan Davis                              Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _____ | _____ | _____ |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)                                                              **F 7004-1**

FORM B104  (08/07)                                                                          2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Noriyuki Alan Davis | **DEFENDANTS**<br>Roger Alan Davis |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Rutan & Tucker, LLP, 611 Anton Blvd., 14th Floor, Costa Mesa,<br>CA 92626  (714) 641-5100 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor       ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Determine Non-Dischargeability of Debt 11 U.S.C. Sections 523(a)(2)(A), 523(a)(4), and 523(a)(6)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false
      representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,
      larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☒ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
      (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*

☐ 02-Other (e.g. other actions that would have been brought in state
      court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR**<br>Roger Alan Davis | | **BANKRUPTCY CASE NO.**<br>8:11-bk-10210 |
| **DISTRICT IN WHICH CASE IS PENDING**<br>Central | **DIVISIONAL OFFICE**<br>Santa Ana | **NAME OF JUDGE**<br>Theodor Albert |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF**<br>Noriyuki Masaki | **DEFENDANT**<br>Roger Alan Davis | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING**<br>Central | **DIVISIONAL OFFICE**<br>Santa Ana | **NAME OF JUDGE**<br>Theodor Albert |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** | | |
| **DATE**<br>1/21/11 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>Timothy Spivey | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.